**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4036**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JULIUS ERVIN UNDERHILL, a/k/a Devin Michael Hightower, a/k/a
E,

Defendant – Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.   Terry L. Wooten, District Judge.
(4:08-cr-00056-TLW-1)

Submitted:  July 26, 2010                Decided:  August 23, 2010

Before WILKINSON, GREGORY, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James T. McBratney, Jr., MCBRATNEY LAW FIRM, P.A., Florence,
South Carolina, for Appellant.   Alfred William Walker Bethea,
Jr., Assistant United States Attorney, Florence, South Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Julius Ervin Underhill appeals his sentence to 262 months in prison and five years of supervised release after pleading guilty to using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). Underhill's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious grounds for appeal but raising the issues of whether the district court complied with Fed. R. Crim. P. 11 when accepting Underhill's guilty plea, and whether his sentence is reasonable. Underhill has filed a pro se supplemental brief raising the issues of whether his counsel was ineffective for failing to argue for a sentence reduction under Kimbrough v. United States, 552 U.S. 85 (2007), and whether the district court abused its discretion by applying the crack cocaine guideline as mandatory. We affirm.

Appellate counsel first questions whether the district court complied with Fed. R. Crim. P. 11 in accepting Underhill's guilty plea, but he concludes that the district court fully complied with the rule. Because Underhill did not move in the district court to withdraw his guilty plea, we review this challenge for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Thus, it is Underhill's burden to show (1) error; (2) that is plain; (3) affecting his

2

substantial rights; and (4) we should exercise our discretion to notice the error. Id. at 529. To show his substantial rights were affected, Underhill must demonstrate that absent the error, he would not have entered his guilty plea. Id. at 532. We may consider the entire record to determine the effect of any error. See United States v. Vonn, 535 U.S. 55, 74-75. We have reviewed the record and conclude that Underhill has failed to show any plain error affecting his substantial rights.

Appellate counsel next questions whether Underhill's sentence is reasonable, but he concludes that the sentence is within a properly calculated guideline range and reasonable. We review a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the guideline range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. On appeal, we presume that a sentence within a properly calculated guideline range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

We have reviewed the record and conclude that the district court did not abuse its discretion in sentencing Underhill, and his sentence is reasonable. Because Underhill is a career offender, and the § 924(c) conviction was the only count of conviction, the district court properly determined the applicable guideline range using the table in U.S. Sentencing Guidelines Manual § 4B1.1(c)(3) (2007). Thus, after a three-level reduction for acceptance of responsibility, Underhill's guideline range was 262 to 327 months in prison.

At sentencing, Underhill acknowledged he was a career offender but requested a variance sentence based on his mother leaving him with his grandmother when he was four years old, and his contention that his prior felony convictions for assault and battery of a high and aggravated nature over-represented the underlying facts of conviction. The district court determined a variance was not appropriate based on the particulars of his prior violent crimes, but the court considered the mitigating factors argued by Underhill's attorney and selected a sentence at the bottom of the guideline range based on the arguments. The court considered the § 3553(a) factors, made and placed on the record an individualized assessment of the facts in the case, and adequately explained its decision.

Finally, we conclude that Underhill's pro se arguments are without merit. The district court did not sentence him

4

based on the crack cocaine guideline, and the record does not conclusively show ineffective assistance. See <u>United States v. Baldovinos</u>, 434 F.3d 233, 239 (4th Cir. 2006).

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>